PER CURIAM.
We reverse an order summarily denying post-conviction relief and remand for an evidentiary hearing. Appellant asserts that he was advised by counsel that the trial court could depart downward from a guideline sentence on the basis of “mercy,” patently not a valid basis for departure.
We note that the record reflects that the court considered all mitigating factors raised in the PSI and at sentencing (in accordance with the plea agreement that a PSI would be prepared and the court could impose sentence above the guidelines based on what the court heard by way of aggravation or below the guidelines “if I hear something by way of mitigating circumstances that would persuade me that there are reasons to go below the minimum sentence”). We also recognize that even if Appellant can demonstrate that counsel advised him that “mercy” was a reason for a trial court’s imposing a sentence below the guidelines, any prejudice might be speculative if the court considered all mitigating factors addressed by the PSI and the defense, regardless of whether they would constitute valid grounds for deviating, as the state made no objection to any mitigating factors raised. Nevertheless, the sentencing transcript reflects that the court specifically determined that it had no authority to depart from the guidelines without valid reasons for departure, and found no reason to do so. As a result, the court imposed the recommended guideline sentence. Therefore, we cannot resolve on this record that Appellant was not prejudiced by mis-advice of counsel.
STONE, C.J., WARNER and SHAHOOD, JJ., concur.